# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| CATHY BRANDENBURG as Natural Mother of Christian Brooke Joiner and guardian of William Rhys Gulnick, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-65 |
| v. | |
| TYRONE BURNS, JR.; CITY OF VIDALIA; TYRONE BURNS, SR.; AND CENTERSTONE OF FLORIDA, INC., | |
| Defendants. | |

## O R D E R

This matter is before the Court on Plaintiff's Motion to Remand, (doc. 15). Plaintiff Cathy Brandenburg filed this civil action in state court as guardian of Christian Brooke Joiner's son seeking damages for the wrongful death of Ms. Joiner against Defendants Tyrone Burns, Jr. (hereinafter "Burns"), the City of Vidalia, Tyrone Burns, Sr. (hereinafter "Burns, Sr."), and Centerstone of Florida, Inc. (hereinafter "Centerstone"). (Doc. 1-1, pp. 3–7.) She also brought claims against these Defendants for Ms. Joiner's pain and suffering and medical bills as the administratix of Ms. Joiner's estate. (Id.) After being served with the lawsuit, Centerstone removed the case to this Court. (Doc. 1.) In response, Plaintiff filed the present motion, seeking to have the case remanded back to the state court. (Doc. 15.) Defendant filed a Response to this motion, (doc. 17), and Plaintiff subsequently filed a Reply, (doc. 20). For the reasons explained more fully below, the Court **GRANTS** Plaintiff's Motion to Remand, (doc. 15), **DENIES** Centerstone's request for jurisdictional discovery, (doc. 17, pp. 15–16), and **REMANDS** the case

to the Superior Court of Toombs County, Georgia. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of remand and to **CLOSE** this case.

## BACKGROUND

Plaintiff is a resident and citizen of Toombs County, Georgia. (Doc. 15, p. 3.) She is the mother of the deceased Christian Brooke Joiner and the guardian of Ms. Joiner's child, William Rhys Gulnick. (Id. at p. 1.) Ms. Joiner was murdered by Defendant Burns on November 16, 2018. (Id.; doc. 15-2, pp. 14–16, 19–20.) Several months earlier, in April of 2018, Burns had been involved in a criminal proceeding before the Circuit Court of the Twelfth Judicial Circuit in Manatee County, Florida. (Doc. 1-1, pp. 8, 10.) The Circuit Court determined that the criminal action against Burns could not continue because he was "incompetent … due to mental illness and intellectual disability." (Id. at p. 8.) In accordance with Florida law, the Twelfth Judicial Circuit released him on several conditions. (Id. at pp. 8–9.) First, Burns had to enroll in "mental health treatment and competency training" administered by Defendant Centerstone. (Id.) He also had to live with his father, Defendant Tyrone Burns, Sr., at his home in Lakeland, Florida. (Id.) In order to live anywhere other than his father's house, Burns was required to obtain the approval of his case manager and to notify the court. (Id.)

Despite these restrictions, at some point in or prior to August 2018, Burns began living with Teresa Byas in Vidalia, Georgia, without obtaining his case manager's approval. (Doc. 17, p. 2–3; doc 15-1, p. 2.) Over the next several months, while in Vidalia, Burns had several encounters with the Vidalia Police Department. (Doc. 15-1, pp. 2–3.) On September 28, 2018, he was arrested for criminal trespass, and on October 30, the police responded to a domestic violence report involving him and Ms. Byas. (Id.) Shortly thereafter, on November 16, Burns killed Ms. Joiner. (Doc 15, p. 1; doc. 15-2, pp. 19–20.) He was arrested the next day. (Doc. 15-2, p. 15.)

During this time, Burns' case manager did not know that Burns was no longer residing with his father. (Doc. 17, pp. 2–3). She did not learn that Burns was in Georgia until March 2019, while he was awaiting trial for Ms. Joiner's murder. (Id.) On July 24, 2019, Burns pled guilty to the felony murder and aggravated assault of Ms. Joiner. (Doc. 15-2, pp. 19–22.) He is currently serving a life sentence in Georgia Diagnostic and Classification Prison. (Doc. 15-3, pp. 2–3.)

Plaintiff filed this wrongful death action in the Superior Court of Toombs County on June 3, 2019. (Doc. 1-1, p. 3.) She asserts that Burns is liable because he "shot and killed" Ms. Joiner. (Id. at p. 5.) She claims that Burns, Sr. and Centerstone are liable for failing to appropriately monitor Burns, and that the City of Vidalia is liable for its Police Department's failure to properly investigate him. (Id. at pp. 5–6.) All the Defendants were served with summons and process. (Doc. 1-5, pp. 2, 28–31). On July 18, 2019, before filing an answer, Centerstone removed the case, arguing that "[t]his Court possesses diversity jurisdiction over this action under 28 U.S.C. § 1332(a)." (Doc. 1, p. 1–2.) Burns did not provide his consent to the removal of the case to this Court. (Doc. 1, p. 4). In fact, in its Notice of Removal, Centerstone indirectly acknowledged that Burns had not consented, emphasizing that Burns "has been declared mentally incompetent pursuant to the claims and Exhibits of Plaintiff's Complaint." (Id.) Plaintiff filed a Motion to Remand the action back to state court on August 19, 2019, (doc. 15), and Centerstone filed a Response, (doc. 17). Plaintiff thereafter filed a Reply, (doc. 20).

## LEGAL STANDARD

Actions initially filed in a state court may be removed to federal court in two circumstances: (1) where the claim presents a federal question or (2) where diversity jurisdiction exists. 28 U.S.C. § 1441(a–b); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by

the defendant."). Either one of these grounds will provide a district court with original federal subject matter jurisdiction over the case. 28 U.S.C. §§ 1331–32. In addition, for removal to be proper, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A). This must be done within the thirty-day time limit mandated by 28 U.S.C. § 1446(b). Schmidt v. Nat'l Org. for Women, 562 F. Supp. 210, 212 (N. D. Fla. 1983). This removal condition is often referred to as the "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001), *abrogated on other grounds as recognized in* Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194 (11th Cir. 2019).

This Court is not permitted to simply ignore a procedural defect when that defect has been raised by the plaintiff in a timely filed motion to remand, even if the procedural defect is viewed as "trivial[] or inadvertent." Beard v. Lehman Bros. Holdings, Inc., 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006). Thus, the Court must remand a case if the technical requirements for removal have not been satisfied. Id. Removing defendants carry the burden of demonstrating that they removed the case properly, and "this burden is a heavy one." Lampkin v. Media Gen., Inc., 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). Because removal jurisdiction creates significant federalism concerns, federal courts are directed to construe removal statutes strictly with all doubts regarding jurisdiction being resolved in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

Plaintiff argues that the case should be remanded because this Court does not have federal subject matter jurisdiction over the action. (Doc. 15, p. 5.) First, Plaintiff contends that Burns is a citizen of the State of Georgia, (id. at 4), not Florida as Centerstone alleges, (doc. 1, p. 3), and

4

that removal of the case was thus barred by the forum defendant rule. (Doc. 15, p. 5.) Additionally, Plaintiff claims remand is required because Burns "did not consent to the removal of the action to federal court," and thus the unanimity requirement was not satisfied. (Id.) For the following reasons, the Court concludes that the action should be remanded to state court due to Burns' failure to consent to removal. Having determined that remand is necessary on this ground, the Court need not address Plaintiff's other ground for remand.

**I.      The Unanimity Requirement**

As stated above, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." Russell Corp., 264 F. 3d at 1044 (citations omitted). The defendants in a case satisfy the unanimity rule when they all "join" in the notice of removal. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326–27 (5th Cir. 1970) ("The law is clear that . . . removal procedure requires that all defendants join in the removal petition.").[1] The rule "does not require that every defendant actually sign the same petition," but consent "must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent." Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985).

**A. There is No "Mental Capacity" Exception to the Unanimity Requirement.**

Here, neither party disputes that Burns did not consent to Centerstone's removal of this case to federal court. (Doc. 1, p. 4; doc. 15, pp. 8–10.) Centerstone, however, asks this Court to hold that it was not required to obtain consent from Burns because, it claims, he did not have the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to October 1, 1981.

necessary mental capacity to give such consent.[2] (Doc. 17, p. 8–9.) Although Centerstone flatly admits that it "is not aware of any court having recognized an exception to [the unanimity] requirement for mentally incompetent defendants," (id. at p. 9), and the Court is likewise not aware of any such exception, Centerstone asks the Court to make such an exception here.

The Court declines to permit such an exception, as doing so would fly in the face of clear Eleventh Circuit Court of Appeals precedent emphasizing the necessity of and the strict construction applied to the rule of unanimity. Russell Corp., 264 F.3d at 1050. In Russell Corporation v. American Home Assurance Company, the Eleventh Circuit rejected a removing party's similar request for a "fairness" exception to the unanimity requirement. Id. In declining to create a "fairness" exception, the Court of Appeals reasoned that:

> [b]eginning with the United States Supreme Court's decision in Chicago R.I. & Pac. Ry. Co. [v. Martin] federal courts have universally required unanimity of consent in removal cases involving multiple defendants. There are several such bright line limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals) that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.

Russell Corp., 264 F.3d at 1050 (internal citations omitted). Thus, given the Eleventh Circuit's adherence to the bright line nature of the unanimity rule and the absence of an established

---

[2] The Court notes that while Centerstone claims that Burns lacked the mental state to consent to removal, two expert witnesses found Burns to be competent to stand trial for the murder of Ms. Joiner. (Doc. 15-2, p. 18). The Georgia state court also found Burns to have "intelligently, and knowingly entered a plea of guilty." (Id. at p. 19.) Moreover, there is no indication on the record that, at the relevant time (when his consent to removal was requested), any court had appointed an individual to act as Burns' legal representative based on a determination that he was legally incompetent. Indeed, the record is devoid of any effort by any party to have such a representative appointed for Burns. As a result, even if an exception relating to mental incompetency existed, the Court is dubious that such an exception would even be applicable here. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 202 (2nd Cir. 2003) ("[A]bsent actual documentation or testimony by a mental health professional, a court of record, or a relevant public agency, the district court is not required to undertake an inquiry into a *pro se* litigant's mental capacity.").

incompetency exception,[3] this Court declines to excuse the lack of unanimity based simply on Burns' alleged mental incompetency.

### B. The "Nominal Party" Exception Does Not Apply Here.

Centerstone's next argument is that Burns is a nominal defendant in this suit, so his consent is not required. (Doc. 17, pp. 11–15.) While Centerstone is correct that there is a recognized exception to the unanimity requirement where the non-consenting defendant is shown to be a "nominal" (or "formal") defendant, this exception is not applicable under the circumstances here.

The "nominal party" exception provides that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc., 427 F.2d at 327. Courts applying the nominal defendant exception to the unanimity rule have defined the term in varying ways. See, e.g., Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (noting that nominal defendants are "those against whom no real relief is sought") (citation and internal quotations omitted); Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."); Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991) ("To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.") (citation and internal quotations omitted). In this Circuit, "[t]he ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendants], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or

---

[3] This "bright line" unanimity requirement also furthers the important policy of judicial economy. See Esposito v. Home Depot, U.S.A., Inc., 436 F. Supp. 2d 343, 347 (D.R.I. 2006) ("[M]aintaining a bright line rule regarding removal procedures minimizes the expenditure of precious judicial resources to determine whether all of the defendants did in fact consent to removal . . . .").

inequitable to plaintiff." Tri-Cities Newspapers, Inc., 427 F.2d at 327 (quoting Stonybrook Tenants Ass'n v. Alpert, 194 F. Supp. 552, 559 (D. Conn. 1961)).

In this case, Burns does not qualify as a "nominal" defendant under any of the formulations cited above. Plaintiff is suing Burns for the wrongful death of Ms. Joiner pursuant to O.C.G.A. § 51-4-2. The statute specifically provides recovery for "the homicide of [one's] spouse or parent" and defines homicide as "all cases in which the death of a human being results from a crime . . . ." O.C.G.A. §§ 51-4-2(a), 51-4-1(2). Burns has pled guilty to the felony murder of Ms. Joiner. (Doc. 15-2, pp. 16, 19–20.) This guilty plea provides a reasonable basis to believe that Burns will be found to bear at least some liability in the wrongful death suit, thus indicating he is not a nominal party. See, e.g., Kearse v. Floyd, No. 11-60130-CIV-SEITZ/O'SULLIVAN, 2011 WL 13217284, at *1–2 (S.D. Fla. Feb. 22, 2011) (non-consenting defendant, who had already been convicted of kidnapping and sexually battering the plaintiff, was not a nominal party in victim's civil suit for damages since the convictions provided "a reasonable basis . . . for predicting that [he would] be held liable").

Centerstone, however, argues that Burns is nonetheless a nominal party "because he and the other defendants are alleged to be joint tortfeasors." (Doc. 17, p. 12.) However, the Eleventh Circuit has rejected this type of argument. In Thermoset Corporation v. Building Materials Corporation of America, the plaintiff brought a product liability action in Florida state court against two defendants, one of which removed the case to federal court on the basis of diversity jurisdiction. 849 F.3d 1313, 1315 (11th Cir. 2017). After it was determined that the non-removing defendant's presence defeated diversity jurisdiction, the Court addressed whether the non-removing defendant was a nominal defendant. Id. at 1316–18. The Court concluded that the non-removing defendant was "more than just a nominal defendant" based on the fact that "Florida is

8

not a joint-and-several liability state [and instead, under] Florida law, a defendant . . . is liable only for the amount of damages proportional to its percentage of fault." Id. at 1318 (citing Fla. Stat. § 768.81(3)). The Court reasoned that, given the apportionment of liability requirement for joint tortfeasors, if the non-removing defendant were deemed a nominal party and ultimately not involved at the trial of the case, then the removing defendant would be able to argue to the factfinder that the absent non-removing defendant caused the problems with the product and that that the removing defendant bore no fault for plaintiff's damages. Id. The Court emphasized that, if this argument worked, the removing defendant would pay nothing, and the plaintiff would be left with "incomplete relief." Id.

While Florida law does not govern the case at hand, Georgia law—like Florida law— "apportion[s an] award of damages among the persons who are liable according to the percentage of fault of each person." O.C.G.A. § 51-12-33. Centerstone has already indicated in its Answer that it plans to argue that Burns is to blame for Plaintiff's claims. (Doc. 4, p. 2.) As a result, the Court cannot reasonably hold that Burns is merely a nominal party based on the fact that he is alleged to be a joint tortfeasor with the other defendants.

Centerstone further argues that Defendant Burns is a nominal party because Plaintiff is seeking monetary damages, and Burns "is extraordinarily unlikely to be able to satisfy a money judgment against him because it is doubtful that he has any assets."[4] (Doc. 17, p. 14). This argument is unpersuasive for several reasons. First, Georgia law recognizes that the transference of monetary damages is not the only goal of tort litigation. See Land v. Boone, 594 S.E. 2d 741, 743 (Ga. Ct. App. 2004) ("To seek to bring a tortfeasor to contrition or penitence is not a wrongful purpose in tort law . . . ."). Further, several district courts have determined that the inability to pay

---

[4] Centerstone does not provide an affidavit or other evidence concerning Defendant Burns' assets.

9

does not, by itself, make a defendant a nominal party. See, e.g., Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 437 (W.D. Va. 1990) ("[T]his Court does not believe that its jurisdiction is premised upon the strength or weakness of a given defendant's financial statements."); Dennis v. Progressive Northern Ins. Co., No. CIV-14-1375-HE, 2015 WL 1356922, at *2 (W.D. Okla. Mar. 24, 2015) ("[T]he court has considerable doubt that an otherwise proper defendant becomes 'nominal' simply by having no assets or running out of money."); Williams *ex rel.* McIntosh v. City of Beverly Hills, No. 4:07-CV-661 CAS, 2007 WL 2792490, at *5 (E.D. Mo. Sept. 24, 2007) ("[Defendant with no assets] appears to have a stake in this litigation, because there does not appear to be any bar against plaintiffs seeking a judgment against him, which they could attempt to collect at any point in the future.").

Centerstone cites Maryland v. Exxon Mobil Corp., 352 F. Supp. 3d 435, 469–70 (D. Md. 2018) and the cases it references for the proposition that a party without assets is a nominal defendant. (Doc. 17, p. 14.) However, that case is materially distinguishable from the case at hand because the at-issue defendant was a corporation not a person. 352 F. Supp. 3d at 468. The court determined that the defendant was a nominal party not only because it lacked assets but because the corporation's registration had been revoked and it was no longer a legal entity in the state. Id. at 470.

Finally, Centerstone argues that in determining whether Burns is more than a nominal party, this Court should not consider any satisfaction that Plaintiff might receive from a jury finding Burns liable for Ms. Joiner's wrongful death because he has already pled guilty in criminal court. (Doc. 17, p. 14.) However, the fact that a court may have already held a defendant criminally accountable does not negate the potential meaningfulness to a victim of the imposition of civil liability on that defendant. See, e.g., Kearse, 2011 WL 13217284, at *2 (finding that a

defendant who had been convicted of kidnapping and sexual battery was not a nominal party in a civil suit arising from the same conduct).

For all of these reasons, Centerstone has not met its burden of showing that Burns was a nominal party for purposes of the unanimity requirement.

## II. Centerstone's Request for Jurisdictional Discovery

At the end of its Response Brief, Centerstone requests that, if the Court is inclined to grant Plaintiff's request for remand, the Court should first give the parties the opportunity to "engage in jurisdictional discovery." (Doc. 17, p. 15.) Centerstone fails, however, to offer any details concerning any specific discovery efforts it would undertake or what sort of information it aims to uncover. In addition, Centerstone simultaneously argues that "jurisdictional discovery is not needed because the facts and evidence in the record are sufficient for the Court to deny plaintiff's motion." (Id. at p. 16.)

"[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, [a] part[y] ha[s] a 'qualified right to jurisdictional discovery,'" unless that party unduly delayed in seeking leave to initiate discovery. Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 n.7 (11th Cir. 1982)). While generally it can be an abuse of discretion for a court to deny a timely-brought motion for jurisdictional discovery, id., here, even assuming Centerstone's request was timely, it has failed to identify any areas of factual dispute regarding Burns' lack of consent to removal that warrant discovery. Moreover, the Court finds that Centerstone failed to timely and specifically move the Court for jurisdictional discovery, as its request was contained within in its Response and was proposed as an alternative to flatly denying Plaintiff's Motion to Remand. Considering Centerstone's delay in requesting jurisdictional

11

discovery (and the fact that its request was not clearly made in a motion, but was contained within its Response) along with Centerstone's failure to proffer any reason to believe that such discovery might lead to information undermining the Court's determination that, under well-established federal law, Centerstone was required to obtain Burns' consent to removal, the Court **DENIES** Centerstone's request for jurisdictional discovery. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (holding that the district court did not err in refusing to allow jurisdictional discovery when the plaintiff "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in its brief as a proposed alternative to dismissing [the defendant]" and failed to "take[] every step possible to signal to the district court its immediate need for such discovery"); Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (per curiam) (untimely request for jurisdictional discovery need not be granted).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff Cathy Brandenburg's Motion to Remand, (doc. 15), **DENIES** Defendant Centerstone's request for jurisdictional discovery, (doc. 17, pp. 15–16), and **REMANDS** this case back to the Superior Court of Toombs County, Georgia. The Court further **DIRECTS** the Clerk of Court to enter the appropriate judgment of remand and **CLOSE** this case.

**SO ORDERED**, this 4th day of November, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA